NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**WESTERN STATES FEDERAL CONTRACTING, LLC,**
*Appellant*

v.

**DEPARTMENT OF VETERANS AFFAIRS,**
*Appellee*

---

2016-1042

---

Appeal from the Civilian Board of Contract Appeals in No. CBCA 4612(3359)-REM, Administrative Judge Patricia J. Sheridan.

---

Decided: July 15, 2016

---

ROBERT J. BERENS, Salamirad Morrow Timpane & Dunn LLP, Phoenix, AZ, argued for appellant.

ELIZABETH ANNE SPECK, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for appellee. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., PATRICIA M. MCCARTHY; DAVID G. FAGAN,

United States Department of Veterans Affairs, Washington, DC.

————————————

Before NEWMAN, CHEN, and HUGHES, *Circuit Judges.*

HUGHES, *Circuit Judge.*

Western States Federal Contracting, LLC appeals the Civilian Board of Contract Appeals' decision dismissing its appeal for lack of jurisdiction. Because the Board erred in finding that Western States lacked capacity to maintain the lawsuit, we reverse the Board's decision and remand for further proceedings.

I

On September 30, 2009, the Department of Veterans Affairs contracted Western States to, among other things, alter and expand the fire alarm and sprinkler system at the VA facility located in Phoenix, Arizona. The project took 699 days to complete—549 days longer than estimated.

After the project was completed, Western States submitted a claim for $760,852.01 to the VA seeking compensation for damages related to the delay. Because the VA never issued a final decision on the claim it was deemed denied.

Upon denial of the claim, Western States appealed to the Board. The Board requested, at least three times, that Western States provide documentation establishing that it was in good standing in Delaware, the state of its organization. Western States failed to provide this documentation, and on February 11, 2014, the Board dismissed the case after finding that Western States did not have the capacity to maintain the action because it was not in good standing due to its failure to pay its Delaware franchise taxes. Immediately thereafter, Western States

paid its franchise taxes and was returned to good standing.

Western States appealed to this court on June 10, 2014. After Western States filed its opening brief, the VA filed an unopposed motion seeking to voluntarily remand the case so that the Board could address, among other things, whether Western States was an "unincorporated association" under Fed. R. Civ. P. 17(b)(3)(A). On March 19, 2015, we entered an order vacating the Board's decision and remanding the case for additional proceedings consistent with the order.

On remand, Western States argued that because it was then in good standing, and the decision dismissing its claim had been completely vacated, the Board was required to consider the merits of its claim. The Board disagreed "because, at the time [the Board] dismissed this case for lack of jurisdiction, Western States was not in good standing, and Board Rule 26(a) (48 CFR 6101.26(a) (2014)) does not allow relief based on evidence that could have been presented at the underlying proceeding." J.A. 12. The Board dismissed the claim a second time after concluding that Western States was not an "unincorporated association" under Fed. R. Civ. P. 17(b)(3)(A). J.A. 1–15.

Western States again appeals, arguing that the Board erred in finding that it did not have capacity to prosecute the case on remand. We have jurisdiction under 28 U.S.C. § 1295(a)(10).

## II

We review the Board's conclusions of law without deference. *Reliable Contracting Grp., LLC v. Dep't of Veterans Affairs*, 779 F.3d 1329, 1331 (Fed. Cir. 2015). We will uphold the Board's factual findings unless those findings are "(A) fraudulent, arbitrary, or capricious; (B) so grossly erroneous as to necessarily imply bad faith; or (C) not

supported by substantial evidence." 41 U.S.C. § 7107(b)(2).

During the first appeal, this court vacated the Board's initial opinion in its entirety. J.A. 68. To "vacate" a decision "means to annul; to cancel or rescind; to declare, to make, or to render, void; to defeat, to deprive of force; to make of no authority or validity; to set aside." *Ala. Power Co. v. EPA*, 40 F.3d 450, 456 (D.C. Cir. 1994).

Although the Board initially dismissed the case because Western States was not in good standing under Delaware law, s*ee* Del. Code Ann. tit. 6, § 18-1107(l); J.A. 55, the vacatur annulled this dismissal in its entirety, *Ala. Power Co.*, 40 F.3d at 456. Consequently, on remand, the Board could not rely on the initial dismissal as grounds for finding that Western States lacked the capacity to maintain the action. Moreover, the Board could not justify dismissing the case based on the fact that Western States was not in good standing at the time of the initial dismissal because Delaware law allows an LLC to maintain an action once it has been r*estored* to good standing. Del. Code Ann. tit. 6, § 18-1107(l).

Because we vacated the Board's initial dismissal in its entirety and Western States had been restored to good standing at the time of the remand, the Board was required to consider the merits of Western States' claim. Further, because Western States had the capacity to maintain the action under Delaware law, we need not decide whether the Board erred in its determination that Western States was not an "unincorporated association" under Fed. R. Civ. P. 17(b)(3)(A).

We appreciate that Western States was not diligent in this matter and that the Board gave them sufficient opportunities to correct their lack of good standing before initially dismissing the appeal. Moreover, we recognize that the VA in good faith sought a limited remand to address an alternative legal theory not first considered by

the Board.  We applaud the government's willingness to seek such voluntary remands and do not intend to discourage that practice.  However, this court's prior order did not grant a limited remand, but, rather, vacated the Board's prior decision in its entirety.  As a subsequent panel, we are bound by the plain language of that order.  Therefore, we reverse and remand to the Board for consideration of the merits of Western States' claim.

**REVERSED AND REMANDED**